UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES E. JETT | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:03-cv-035 |
| | ) | 3:01-cr-113 |
| | ) | 3:01-cr-114 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner James E. Jett ("Jett"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Jett's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Jett

"must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Jett is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Jett pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) [Criminal Action No. 3:01-cr-113], and to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) [Criminal Action No. 3:01-cr-113]. As part of the plea agreement, Jett agreed in writing to the following factual basis in support of his guilty pleas:

> On July 24 2001, the Defendant entered the SunTrust Bank, 500 Merchants Road, Knoxville, Tennessee, the deposits of which were insured by the FDIC. The Defendant approached a teller and placed a note on the counter demanding that the teller put money in the bag. The teller complied and placed over $1,192 in U.S. Currency in a container the Defendant provided. The Defendant escaped with the money.
>
> On July 26, 2001, the Defendant was riding in a vehicle with his wife and her friend. While riding in the vehicle the Defendant pulled out and

> brandished a loaded .22 caliber derringer. The Defendant exited the vehicle at the Quick Shop Market, Tazewell, Tennessee, and continued to brandish the weapon. He then pointed the gun toward himself and discharged the firearm. The round struck a plate glass window of the store. The firearm was manufactured outside the State of Tennessee. The Defendant was previously convicted of a felony.

[No. 3:01-cr-113, Court File No. 20, & No. 3:01-cr-114, Court File No. 18; Plea Agreement, p. 3, ¶ 9].

Jett was sentenced to concurrent terms of imprisonment of 84 months each. In support of his § 2255 motion to vacate sentence, Jett alleges he received ineffective assistance of counsel during sentencing. He specifically claims that his attorney failed to object to triple counting that resulted in his receiving six criminal history points instead of two and that his attorney failed to seek a downward departure based upon his mental state.

III. Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Jett must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Jett alleges that trial counsel rendered ineffective assistance of counsel by failing to object to triple counting that resulted in his receiving six criminal history points instead of two. Jett refers to paragraphs 60-62 of the Presentence Investigation Report and claims he received two criminal history points for each offense enumerated, for a total of six criminal history points. According to Jett, the offenses were related and he should only have received a total of two criminal history points. Jett is incorrect.

As set forth in the Presentence Investigation Report, Jett received two criminal history points for his conviction of driving under the influence, possession of a firearm by a felon, and evading arrest [Presentence Investigation Report, pp. 13-14, ¶ 60] and two criminal history points for his conviction for attempted burglary [*id*., p. 15, ¶ 62]; he received no criminal history points for his conviction for misdemeanor fleeing because it was related to

4

the attempted burglary conviction [*id*., p. 14, ¶ 61]. Jett contends these cases were related, because they stemmed from the same acts, were consolidated for sentencing, and the sentences imposed were ordered to be served concurrently.

Although Jett was sentenced on the same date for the offense of attempted burglary as for the offenses of driving under the influence, felon in possession of a firearm, and evading arrest, the offenses were treated separately as evidenced by the court's use of separate docket numbers. Accordingly, these cases were not consolidated for sentencing and Jett properly received four criminal history points for the separate offenses.

> It is well-established in this Circuit that prior convictions are not "consolidated for sentencing" within the meaning of application note 3 of § 4A1.2 of the Guidelines (and, thus, not deemed "related cases") when the record reflects that the convictions were treated "separately and distinctly," as evidenced by, for example, the use of separate criminal complaints, separate indictments, or separate case numbers.

*United States v. Williams*, 2000 WL 1872059 *3 (6th Cir. December 15, 2000) (quoting *United States v. Coleman*, 964 F.2d 564, 566 (6th Cir. 1992)). *Accord United States v. Carter*, 283 F.3d 755, 758 (6th Cir. 2002) ("The fact that judgment was pronounced on the same day with sentences to run concurrently, without more, does not establish that the offenses were consolidated".).

Because Jett properly received four criminal history points in this regard, it was not ineffective assistance of counsel for his attorney to fail to object to the criminal history points. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of

5

defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Jett next claims his attorney failed to seek a downward departure based upon his mental state. According to Jett, the government offered a plea agreement which would recommend a sentence at the lower end of the sentencing guidelines provided Jett did not seek a downward departure based upon his mental state. Jett claims his attorney advised him to reject that plea agreement because she could secure a lower sentence by seeking a downward departure based upon his mental health, but then failed to file such a motion for downward departure.

The government has provided the court with a copy of the proposed plea agreement. [Court File No. 5, Response to Motion, Exhibit A]. The proposed plea agreement differed from the plea agreement signed by the parties in that the proposed plea agreement contained two additional clauses: "The Government agrees that it will not object to the Defendant being sentenced at the low end of the applicable guideline range." [*id*., p. 2, ¶ 7] and "Both parties agree that they will not move for a departure from the applicable sentencing guideline range." [*id*., p. 3, ¶ 10].

Jett's guideline sentence range was calculated to be 77 to 96 months, he received a sentence of 84 months, and thus Jett did receive a sentence in the lower end of the guideline sentence range. Therefore, Jett was not prejudiced by counsel's advice to turn down the proposed plea agreement.

6

At the time of Jett's sentencing, the guidelines provided the following with respect to a downward departure based upon diminished capacity:

> A downward departure may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity. However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; or (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public.

U.S.S.G. § 5K2.13 (November 2001).

By his own admission, Jett had been up for two days smoking crack cocaine prior to the bank robbery. [Presentence Investigation Report, p. 5, ¶ 14]. Thus, any purported diminished capacity was caused by Jett's voluntary use of crack cocaine and he would not be entitled to a downward departure. On the other hand, after the bank robbery, Jett changed clothes while driving home, went home and shaved, and then went to a barber shop to get his hair cut short. [*Id.* ¶ 15]. Clearly, Jett was aware of the need to disguise his identity as the bank robber.

The Sixth Circuit has held "that a defendant who has the ability 'to absorb information in the usual way and to exercise the power of reason' does not have a mental or emotional disorder sufficient to trigger a downward departure for diminished mental capacity." *United States v. Osoba*, 213 F.3d 913, 916 (6th Cir. 2000) (quoting *United States v. Johnson*, 979 F.2d 396, 401 (6th Cir. 1992) (internal quotations omitted)). Jett's attempt to disguise his identity demonstrates his ability to absorb information and exercise reason. Thus, although

7

his attorney argued at sentencing that Jett's mental condition warranted a sentence at the low end of the range, he was not entitled to a downward departure based upon diminished capacity.

As previously noted, Jett's attorney was not required to pursue frivolous motions and objections. Accordingly, Jett has failed to demonstrate ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland*.

IV. <u>Conclusion</u>

Jett is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan<br>United States District Judge